UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NOEL AYALA, ANTONIO ALVIA, JOHN BAILEY, RON BAKER, JR., GERARD CONTALDI, RINO DESTEFANO, ERIC DICESARE, DENNIS DONEHEY, JOHN M. FANTASIA, UGO FIORENZIO, JEFFREY GANGI, STEPHEN HARTE, MICHAEL HARVEY, KYLE HEATH, MATTHEW INSOGNA, JR., RICHARD ECKERT, HEATH D. JOHNSTON, NICK KERGER, PETER KERGER, MARK E. LITTLEFIELD, SALVATORE LONGO, MICHAEL J. NESTOR, WILLIAM OGONOSKY, JOSEPH PALLADINO, JOHN PELLEGRINI, DAVID PELRINE, MICHAEL POLINCHACK, ANTHONY POMPEO, COSME PORTILLO, LORENZO PUCCIO, NUNO ROQUE, PHILIP J. SANTOS, VINCENT SCARAMUZZO, BRENDAN SELUTA, WILLIAM STANFORD, JOSEPH SOUSA, WILLIAM SPIRITO, DWIGHT TAYLOR, STEPHEN TENAGLIA, JAMES TOBIN, ISIDRO VALENTIN, JR., DOUGLAS S. WELTON and LEROL ZEPHYR
Plaintiffs

v.

CITY OF MEDFORD
Defendant.

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiffs Noel Ayala, Antonio Alvia, John Bailey, Ron Baker, Jr., Gerard Contaldi, Rino DeStefano, Eric DiCesare, Dennis Donehey, John M. Fantasia, Ugo

1

Fiorenzio, Jeffrey Gangi, Stephen Harte, Michael Harvey, Kyle Heath, Matthew Insogna, Jr.,  Richard Eckert, Heath D. Johnston, Nick Kerger, Peter Kerger, Mark E. Littlefield, Salvatore Longo, Michael J. Nestor, William Ogonosky, Joseph Palladino, John Pellegrini, David Pelrine, Michael Polinchack, Anthony Pompeo, Cosme Portillo, Lorenzo Puccio, Nuno Roque, Philip J. Santos, Vincent Scaramuzzo, BrendAn Seluta, Joseph Sousa, William Spirito, William Stanford, Dwight Taylor, James Tobin, Stephen Tenaglia, Isidro Valentin, Jr., Douglas S. Welton and Lerol Zephyr ("Plaintiffs") are residents of the Commonwealth of Massachusetts.

2. Defendant City of Medford ("Medford") is an independent body politic located in Medford, Middlesex County, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

3. Plaintiffs are employed by Defendant Medford in the Medford Department of Public Works.

4. At all times relevant hereto, Plaintiffs and all similarly situated employees have been represented in collective bargaining by Teamsters, Local 25, and the terms and conditions of their employment, including their hours of work, wages for straight time work, and wages for work performed outside their regularly scheduled hours of work, have been established by collective bargaining, and set forth in duly bargained for collective bargaining agreements.

5. The most recent collective bargaining agreement, for the period July 1, 2021 through June 30, 2022, will hereinafter be referred to as the "CBA."[1]

## SUBJECT MATTER JURISDICTION

6. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, federal question.

## COUNT I
## Violation of 29 U.S.C. § 207(a) ("FLSA Overtime")
## Failure to Include Remuneration in the Regular Rate for the Purpose of FLSA Overtime

7. Plaintiffs repeat all allegations made herein.

8. Defendant Medford's employment of Plaintiffs and similarly situated employees is subject to the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 206 and § 207 ("the FLSA").

9. The overtime requirement of the FLSA requires Defendant Medford to pay Plaintiffs overtime pay at 1.5 times their "regular rate of pay" for all hours they work in excess of 40 hours worked in their regularly recurring seven-day workweeks. 29 U.S.C. § 207(a)(1).

10. Hereinafter, the overtime Medford is required to pay Plaintiffs under the FLSA will be referred to as "FLSA Overtime."

11. Under the FLSA, the "regular rate" upon which FLSA Overtime must be based is an hourly rate of pay that is calculated by dividing an employee's total earnings

---

[1] *See* Ex. 1.

in his normally recurring seven-day workweek by the number of hours the employee actually worked in the workweek.

12. With certain exceptions not applicable here, total earnings for the regular rate calculation include not just straight time earnings, but "all remuneration for employment paid to, or on behalf of, the employee . . .." 29 U.S.C. § 207(e).

13. At times relevant hereto, the CBAs covering Plaintiffs and similarly situated employees have required Defendant Medford to pay Plaintiffs and similarly situated employees forms of remuneration, in addition to their straight time wages, which the FLSA required Defendant Medford to include in its regular rate calculations when calculating FLSA Overtime due Plaintiffs and similarly situated employees under the FLSA, including:

    a. an hourly shift differential for any employee whose normal work tour commences at 4:00 p.m. or later"[2];

    b. annual "longevity payments" in amounts that increase based on the employee's years of service;[3]

    c. an annual clothing allowance;[4]

    d. an annual incentive payment for OSHA 10 and OSHA 30 Certification;[5]

    e. an innovation incentive award.[6]

---

[2] Ex. 1, Article 13, ¶ 3.
[3] Ex. 1, Article 31.
[4] Ex. 1, Article 33.
[5] Ex. 1, Article 26, § 6.
[6] Ex. 1, Article 37.

4

14. During times relevant hereto, however, in the workweeks in which Plaintiffs have earned these forms of remuneration, Defendant Medford has not included them in calculating FLSA Overtime payments due Plaintiffs, because it has not included them when calculating the regular rate required by the FLSA.

15. By its failure to include these forms of remuneration in calculating FLSA Overtime due Plaintiffs and similarly situated employees, Defendant Medford has underpaid Plaintiffs wages due and owing them, thereby violating the FLSA, and causing Plaintiffs to suffer harm, injury, and damages.

16. Plaintiffs have filed FLSA Consent Forms in this action. (Ex. 2.)

## COUNT II
### Failure to Make Timely Payment of FLSA Overtime- Violation of the FLSA

17. Plaintiffs repeat all allegations made in this complaint.

18. The FLSA requires FLSA Overtime to be paid in the pay period in which it is earned.

19. Because Defendant Medford does not make a proper regular rate calculation, it does not pay the FLSA Overtime due Plaintiffs in the pay periods in which they earn it, in violation of the FLSA.

20. Defendant Medford's violation of the law has harmed injured and damaged Plaintiffs.

## COUNT III
## COLLECTIVE ACTION ALLEGATIONS
## UNDER 29 U.S.C. § 216(b)

21. Plaintiffs seek to bring their FLSA Claims under Counts I and II on behalf of themselves and all those similarly situated individuals pursuant to § 216(b) of the FLSA. Plaintiffs are similarly situated because as unionized employees, their terms and conditions of employment are subject to a collective bargaining agreement and uniformly implemented personnel policies. As set forth below, Plaintiffs and similarly situated employees were all subject to Defendant Medford's illegal practices under the FLSA. Written consents are attached hereto pursuant to § 216(b) of the FLSA. (Ex. A.)

## COUNT IV
### Violation of the Massachusetts Wage Act
### G.L. c. 149, § 148
### Failure to Make Timely Payment of Wages

22. Defendant Medford's employment of Plaintiffs has been at all times relevant hereto subject to the Massachusetts Wage Act, G.L. c. 149, § 148 ("the Wage Act").

23. The Wage Act requires a covered employer to pay its covered employees all earned wages with six days of the pay period in which the wages are earned.

24. Defendant Medford has not made timely payment of wages to Plaintiffs of all wages earned them within the time period required by the Wage Act, because it

6

has not paid Plaintiffs all sums due them in accordance with the FLSA, and therefore, it has violated the Wage Act.

26. Plaintiffs have been harmed, injured and damaged by Defendant Medford's violation of the Wage Act.

26. Plaintiffs have satisfied all administrative prerequisites to suit under the Wage Act. (Ex. 3.)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follow:

A. An order allowing this action to proceed as a representative collective action under the FLSA, 29 U.S.C. § 216(b);

B. Judgment awarding Plaintiffs and all similarly situated employees all unpaid FLSA Overtime, liquidated damages, attorney's fees and costs as mandated under the FLSA, 29 U.S.C. § 216(b);

C. Judgment awarding Plaintiffs and all similarly situated employees unpaid wages under the Wage Act, treble damages, attorney's fees and costs as mandated by G.L. c 149, § 150;

D. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

E. All such other and further relief to which Plaintiffs may show themselves to be justly entitled.

## JURY DEMAND

A trial by jury is demanded on all counts so triable.

        Respectfully submitted,

        PLAINTIFFS,

        By their Attorney,

        s/Daniel W. Rice
        Daniel W. Rice, BBO # 559269
        Harrington & Rice, P.C.
        738 Main Street
        Hingham, Massachusetts 02043
        (781) 964-8377 (mobile)
        dwr@harringtonrice.com

Dated: January 25, 2022